UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY A. GRAY,<br>*Plaintiff*,<br><br>v.<br><br>NED LAMONT, et al.,<br>*Defendants*. | No. 3:21-cv-00143 (VAB) |

**INITIAL REVIEW ORDER OF SECOND AMENDED COMPLAINT**

Gary A. Gray ("Plaintiff"), currently incarcerated at Osborn Correctional Institution in Somers, Connecticut, has filed a Second Amended Complaint *pro se*, under 42 U.S.C. § 1983. Am. Compl., ECF No. 13 (Mar. 22. 2021) ("Second Am. Compl.").

On February 22, 2021, the Court dismissed Mr. Gray's 272-page complaint for failure; to comply with the requirement in Federal Rule of Civil Procedure 8(a) that it contain a short and plain statement of his claim. Order, ECF No. 11 (Feb. 22, 2021). The Court granted Mr. Gray leave to file an amended complaint that "only briefly describes Mr. Gray's alleged injuries" and identifies the individuals who allegedly caused those injuries. *Id.* The Court warned Mr. Gray that if he filed an unduly lengthy pleading with extraneous materials, his case would be dismissed with prejudice. *Id.*

On March 9, 2021, Mr. Gray filed a 47-page Amended Complaint naming five defendants and seeking damages and wide-ranging declaratory and injunctive relief for his claims of deliberate indifference to medical needs. Am. Compl., ECF No. 12 (Mar. 9, 2021) ("First Am. Compl."). Before the Court could review this new pleading, Mr. Gray filed this Second Amended Complaint, and asked the Court to accept this more concise amended complaint. Second Am. Compl.

Mr. Gray may amend his complaint only once without permission from the court. Fed. R. Civ. P. 15(a)(1). In the future, however, the Court will not accept any further amended complaints in this case without leave from the Court.

Mr. Gray names eight defendants in the Second Amended Complaint: Governor Ned Lamont, Dr. Carson Wright, PA Hannah Sollivan, Counselor Johnson, Correctional Officer Acanto, APRN Sandra Charles, APRN Viktoriya Stok, and Correctional Officer Cosman. He seeks damages and injunctive relief regarding medical care.

## I.   BACKGROUND

Mr. Gray has not included a statement of facts, but instead listed his claims against each defendant.

Mr. Gray describes Governor Lamont as the "Superman Commander" and alleges that he sent letters to Governor Lamont with copies of his complaint and exhibits. Second Am. Compl. at 6-7.

For over two years, Mr. Gray allegedly has told Dr. Wright of his need for metal knee braces; he allegedly is severely bow-legged and it is painful to walk. *Id.* at 10. X-rays allegedly taken "long ago" showed a mass in Mr. Gray's left chest. *Id.* When Mr. Gray allegedly requested a biopsy where he previously had cancer, Dr. Wright allegedly lied to him. *Id.* Dr. Wright allegedly also has not provided treatment for a large lump on the back of Mr. Gray's head, a lump on the back of his knee, a painful mass on his back at L4-L5, and a "blood condition" that Mr. Gray thinks might be diabetes. *Id.*

Mr. Gray allegedly had been referred to PA Sollivan several months ago following sick call. *Id.* at 11. She allegedly examined Mr. Gray for his complaints of painful lumps at the back of his head and knee and pain radiating down his left arm. *Id.* at 11-12. Mr. Gray allegedly

requested a biopsy of a lump in his chest because that was the site of previous cancer but APRN Sollivan said she would order x-rays. *Id.* at 12. APRN Sollivan allegedly has not spoken to Mr. Gray in over three months and no x-rays were taken. *Id.*

On March 8, 2021, Mr. Gray allegedly gave Counselor Johnson his amended complaint for submission the court. *Id.* at 13. As of March 12, 2021, Mr. Gray's copy of the amended complaint allegedly had not been returned to him. *Id.* Correctional Officer Acanto allegedly is responsible for sending prisoner documents to the court by e-mail. *Id.* at 14.

APRN Charles allegedly failed to tell Mr. Gray the results of blood tests. *Id.* Mr. Gray alleges that the test results showed that he could become diabetic. *Id.*

APRN Stok allegedly also did not tell Mr. Gray the results of his blood test. *Id.* at 15. Mr. Gray alleges that if she had told him the results, he would have been placed on a diet, given diabetic medication, and told him to drink 8-10 cups of water a day to address kidney disease. *Id.* Mr. Gray alleges the following test results: diabetes H, cholesterol 213 H, triglycerides 194 H, and ldl cholesterol 134 H. *Id.*

On March 1, 2021, while at his prison job, Mr. Gray allegedly began bleeding from the back of his knee. *Id.* at 15-16. Correctional Officer Cosman allegedly called the medical unit. *Id.* at 16. Medical staff allegedly said Mr. Gray should submit a request. *Id.* Mr. Gray alleges that the medical staff could have addressed the internal and external bleeding and applied a bandage but did nothing. *Id.*

## II.    STANDARD OF REVIEW

Under section 1915A of Title 28 of the United States Code, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. 1915A. In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). This requirement applies both when the plaintiff pays the filing fee and when he proceeds *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam).

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"'A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Notwithstanding this liberal interpretation, however, a *pro se* complaint will not survive dismissal unless the factual allegations meet the plausibility standard. *See, e.g., Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

## III.  DISCUSSION

Mr. Gray alleges deliberate indifference to his medical needs. Because Mr. Gray already has been sentenced[1], his claims are considered under the Eighth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (noting deliberate indifference claims of sentenced

---

[1] Department of Correction records show that he was sentenced on August 7, 2014. *See Inmate Information*, STATE OF CONNECTICUT DEPARTMENT OF CORRECTIONS, http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=275955 (last visited April 6, 2021).

4

inmates are considered under the Eighth Amendment while claims of pretrial detainees are considered under the Fourteenth Amendment).

### A. Deliberate Indifference to Medical Needs

The Eighth Amendment forbids deliberate indifference to prisoners' serious medical needs. *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013). To state a claim for deliberate indifference to a serious medical need, Mr. Gray must allege facts showing both that his need was serious, and that the defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003).

There are both objective and subjective components to the deliberate indifference standard. Objectively, the alleged deprivation must be "sufficiently serious." *Spavone*, 719 F.3d at 138. The condition must "produce death, degeneration or extreme pain." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted). This inquiry "requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). A "sufficiently serious" deprivation can exist if the plaintiff suffers from an urgent medical condition that is capable of causing death, degeneration, or extreme or chronic pain. *Brock v. Wright*, 315 F.3d 158, 162–63 (2d Cir. 2003); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) ("Objectively, the alleged deprivation must be "sufficiently serious," in the sense that "a condition of urgency, one that may produce death, degeneration, or extreme pain" exists.").

A medical condition may not initially be serious, but may become serious because it is degenerative and, if left untreated or neglected for a long period of time, will "result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219

5

F.3d 132, 136–37 (2d Cir. 2000). The Second Circuit has identified several factors that are "highly relevant" to the question of whether a medical condition is sufficiently serious, including "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

The defendants also must have been "subjectively reckless." *Spavone*, 719 F.3d at 138. They must have been "actually aware of a substantial risk" that Mr. Gray would suffer serious harm as a result of their actions or inactions. *Id.* (emphasis omitted). The defendants "need only be aware of the risk of harm, not intend harm . . . [a]nd awareness may be proven from the very fact that the risk was obvious." *Id.* (internal quotation marks and citations omitted).

Allegations of negligence sufficient to support a claim for medical malpractice do not rise to the level of deliberate indifference and is not cognizable under section 1983. *See Salahuddin*, 467 F.3d at 279-80. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not" does not constitute deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 838 (1994). Nor does a disagreement over the treatment provided show deliberate indifference. *See Wright v. Rao*, 622 F. App'x 46, 47 (2d Cir. 2015) (citing *Chance*, 143 F.3d at 703); *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) ("It has long been the rule that a prisoner does not have the right to choose his medical treatment as long as he receives adequate treatment . . . . [T]he essential test is one of medical necessity and not one simply of desirability." (internal quotation marks and citations omitted)).

Mr. Gray alleges having lumps on his head and behind his knee as well as masses in his chest and back. He suggests that the masses are in places where he previously had cancer and

6

alleges that all conditions are very painful. Although there are no reported cases in this circuit, other courts have held that the possible recurrence of cancer is a sufficiently serious medical need to support a deliberate indifference claim. *See, e.g., Runkle v. Fleming*, 435 F. App'x 483, 484 (6th Cir. 2011) (noting that "[a] history of colon cancer, with the potential for recurrence" was sufficiently serious medical need). High cholesterol also may be a serious medical need. *See, e.g., Brandon v. Schroyer*, No. 9:13-CV-0939 (TJM/DEP), 2016 WL 1638242, at *8 (N.D.N.Y. Feb. 26, 2016), *aff'd in part, vacated in part on other grounds sub nom. Brandon v. Kinter*, 938 F.3d 21 (2d Cir. 2019) (noting that high cholesterol could be a serious medical need). Based on Mr. Gray's claims of the possible recurrence of cancer and high cholesterol and his allegations of pain, the Court assumes, for purposes of initial review only, that Mr. Gray has a serious medical need.

Mr. Gray alleges that defendants Wright, Sollivan, Stok, and Charles have met with him but refused to provide any medical treatment for his various medical conditions. Accepting Mr. Gray's allegations, as the Court must on initial review, the Court will permit Mr. Gray's claims to proceed for further development of the record.

**B.     Governor Lamont**

Mr. Gray includes Governor Lamont as a defendant and supervisory official, alleging that he sent correspondence to the Office of the Governor. The Second Circuit has recently clarified the standard to be applied to a claim of supervisory liability, and adopted the Supreme Court's reasoning in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), holding that "after *Iqbal*, there is no special rule for supervisory liability," *Tangreti v. Bachman*, 983 F.3d 609, 618 (2d Cir. 2020). "Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* (quoting *Iqbal,* 556 U.S. at 676).

Mr. Gray alleges only having sent correspondence to the Governor. Absent facts showing that Governor Lamont was actually aware of and disregarded a serious risk of harm to Mr. Gray, Mr. Gray has failed to state a cognizable claim against Governor Lamont.

Accordingly, the claim against Governor Lamont will be dismissed under 28 U.S.C. § 1915A(b)(1).

### C.   Defendants Johnson, Acanto, and Cosman

Mr. Gray has added three new defendants in the Second Amended Complaint.

As to Correctional Officer Cosman, he alleges only that, when Mr. Gray experienced bleeding from his knee, Officer Cosman contacted the medical unit and relayed what he was told to Mr. Gray. But Officer Cosman is not a medical provider. Thus, he is liable for deliberate indifference to medical needs only if he intentionally denied or delayed Mr. Gray's access to medical care. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (holding prison guards are deliberately indifference to medical needs by denying or delaying access to medical care). Mr. Gray has not alleged either with respect to Officer Cosman. Thus, Mr. Gray cannot state a claim against him for deliberate indifference to medical needs.

Defendants Johnson and Acanto allegedly failed to file his First Amended Complaint. But the First Amended Complaint was filed March 9, 2021, the day after Mr. Gray gave it to defendant Johnson for electronic filing. *See* First Am. Compl. As the First Amended Complaint was filed, there is no basis for a claim against defendants Johnson and Acanto.

Accordingly, the claims against defendants Cosman, Johnson, and Acanto are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

IV.     **CONCLUSION**

The claims against Defendants Lamont, Cosman, Johnson, and Acanto are **DISMISSED** under 28 U.S.C. § 1915A.  The case will proceed on Mr. Gray's claim for deliberate indifference to serious medical needs against defendants Wright, Sollivan, Charles, and Stok.

The Court enters the following additional orders.

(1)     **The Clerk of Court shall** verify the current work address for defendants Wright, Sollivan, Charles, and Stok with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet containing the Complaint and this Order to each defendant at the address by **June 11, 2021**, and report to the court on the status of the waiver request by **June 25, 2021**.  If any Defendant fails to return the waiver request, the Clerk of Court shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the cost of such service.

(2)     **The Clerk of Court shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the Complaint on defendants Wright, Sollivan, Charles, and Stok in their official capacities at the Office of the Attorney General, 165 Capitol Avenue, Hartford, CT 06106, within twenty-one (21) days from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(3)     T**he Clerk of Court shall** send the plaintiff a copy of this Order.

(4)     **The Clerk of Court shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5)     The Defendants shall file their response to the complaint, either an Answer or motion to dismiss, by **August 13, 2021**.  If they choose to file an Answer, they shall admit or

deny the allegations and respond to the cognizable claim recited above. They also may include all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by **January 14, 2022**. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed by **February 18, 2022**.

(8) Under Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. The plaintiff should also notify the defendants or the attorney for the defendants of his new address.

(10) The plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. The plaintiff is advised that the Program may be used only to file documents with the court. As local court rules provide that discovery requests are not filed with the court, discovery requests must be served on defendants' counsel by regular mail.

(11) The Clerk of Court shall immediately enter the District of Connecticut Standing Order Re: Initial Discovery Disclosures concerning cases initiated by self-represented inmates and shall send a copy to the plaintiff.

**SO ORDERED** this 21st day of May 2021 at Bridgeport, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE